

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00161-CV

HARRIS HUGHEY                                                      APPELLANT

V.

JAY W. HAND AND DONALD                                            APPELLEES
SHIELDS

----------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 14-08039-367

----------

## MEMORANDUM OPINION[1]

----------

Appellant Harris Hughey filed a notice of appeal on May 8, 2015, appealing from the trial court's dismissal of his claims against appellees Jay W. Hand and Donald Shields. This court was informed by the trial court clerk that the trial judge had not signed an order in this case. On May 14, 2015, we notified the parties of our concern that we lacked jurisdiction over this appeal because there appeared to be no final order. On May 19, 2015, we received a copy of the trial

---

[1]*See* Tex. R. App. P. 47.4.

court's order granting the appellees' motion to dismiss that had been filed on May 18, 2015.

A motion for an award of damages and costs was still pending when the order on the motion to dismiss was signed. So on May 21, 2015, we notified the parties of our concern that we lacked jurisdiction over this appeal because the order on the motion to dismiss did not appear to be a final judgment or an appealable interlocutory order.

Subsequently, the trial court considered Hughey's motion for new trial and request for reconsideration and, upon reconsideration, denied the appellees' motion to dismiss. Hand then filed a notice of appeal under cause no. 02-15-00239-CV. On July 9, 2015, we notified the parties that it appeared that this appeal was now moot.

On July 27, 2015, Hughey filed a motion to dismiss for mootness. On July 30, 2015, Hand filed a response to Hughey's motion. Hand stated that although he did not oppose dismissal of this appeal, he requested that this appeal be consolidated with his appeal. Because, as Hand concedes, the appeal under cause no. 02-15-00239-CV will address the parties' issues, we are of the opinion that the motion to dismiss should be granted. Accordingly, we dismiss this appeal as moot. *See* Tex. R. App. P. 42.1(a)(1), 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and SUDDERTH, J.

DELIVERED: August 13, 2015